[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence November 24, 1993 Date of Application November 24, 1993 Date Application Filed December 2, 1993 Date of Decision June 28, 1994
Application for review of sentence imposed by the Superior Court, Judicial District of Danbury. Docket No. CR92-84206;
Vicki H. Hutchinson, Esq., Defense Counsel, for Petitioner. CT Page 7612
Devin T. Stilson, Esq., Assistant State's Attorney, for the State.
BY THE DIVISION
After a plea of guilty, petitioner was convicted of the offense of illegal sale of narcotics in violation of General Statutes § 21a-277(a). As a result of such conviction, petitioner was committed to the custody of Commissioner of Corrections for a five year sentence. This sentence was to be served consecutive to a sentence then being served.
The facts underlying petitioner's conviction indicate that on January 22, 1993, police observed what appeared to be a narcotics transaction involving petitioner. The other person was stopped by police a short time later. That person gave a written statement indicating that he purchased cocaine from the defendant for $20.00.
Petitioner's attorney argued that the sentence should be reduced. She stated that petitioner had turned his life around. She stated that he had been sufficiently punished by the incarceration that he has suffered. The attorney also argued that the rehabilitative process was already well under way by petitioner. She stated that the deterrent requirement of punishment had been satisfied by the circumstances of this case in which petitioner had been arrested for violation of parole. The attorney argued that petitioner knew that he could not commit this type of offense again. It was also pointed out that this offense consisted of one sale and that petitioner was not a major drug dealer.
Speaking on his own behalf petitioner stated that he was sorry for the offense. He also claimed out that the consecutive sentence imposed here amounted to a ten year prison sentence and that this was excessive and too severe for the crimes involved. Petitioner requested that a portion of the sentence be suspended. CT Page 7613
The states attorney argued against any reduction in sentence. He stated that the crime charged here was similar to the offense for which petitioner was on parole. He also pointed out that petitioner had three arrests pending while on parole.
The sentencing judge was faced with imposing sentence on a young man for the sale of cocaine. At the time of this offense was committed, petitioner was on parole for the same type of offense. Petitioner had entered into a plea agreement for a sentence of five years with a right to argue for a lesser sentence. The judge in reviewing petitioner's criminal activities concluded that petitioner had not learned his lesson and, therefore, was still a threat to society.
The sentence imposed here was well under the maximum authorized by statute. The sentence was also within the parameters agreed to by petitioner.
Under the circumstances of this case, where petitioner had been on a previous occasion, convicted of the same type of crime, it cannot be found that the sentence imposed was excessive or disproportionate. In view of the nature of the offense and the character of the offender this sentence should not be modified. Connecticut Practice Book § 942.
Sentence affirmed.
Purtill, J.
Norko, J.
Stanley, J.
Purtill, J., Norko, J. and Stanley, J. participated in this decision.